UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE SUMMERS,

      Plaintiff,

v.                                                             Case No. 3:12-cv-882-J-12MCR

UNION CORRECTIONAL INSTITUTION,
et al.,

      Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Union Correctional Institution (hereinafter UCI) who is proceeding *pro se*, initiated this action by filing an untitled pleading (Doc. #1), in which he contends that several prison officials have: physically assaulted him; deprived him of appropriate medical treatment; deprived him of some of his meals and tampered with other meals; failed to deliver some of his mail; taken his property; deprived him of clothing, a mattress, sheets and a blanket; and otherwise harassed him. Plaintiff requests the Court to enter an order requiring that he be transferred to Santa Rosa Correctional Institution. In the alternative, he requests a restraining order against these officials at UCI.

Insofar as Plaintiff seeks injunctive relief, he has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not prepare a

proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Moreover, he has not met the burden required to warrant any injunctive relief.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
>
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Here, Plaintiff has completely failed to establish the burden of persuasion as to these four prerequisites for injunctive relief.

Further, the decision of where to confine a particular inmate is certainly within the broad discretionary authority of the custodial officials:

> Generally, "[custodial] officials have broad administrative and discretionary authority over the institutions they manage and ... incarcerated persons retain only a narrow range of protected

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

2

> liberty interests." Hewitt,[2] 459 U.S. at 467, 103 S.Ct. at 869. Moreover, inmates usually possess no constitutional right to be housed at one prison over another. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Barfield v. Brierton, 883 F.2d 923, 935 (11th Cir. 1989). This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates as that is the type of decision which typically is made by prison administrators with the expertise to make these decisions, taking into account the safety and security of the prison staff and inmates. Plaintiff has not shown that he will suffer irreparable injury if he remains confined at UCI.

Finally, to the extent that Plaintiff may be attempting to raise claims regarding the conditions of his confinement, he has failed to use the appropriate civil rights complaint form to present his claims. Plaintiff also failed to either pay the $350.00 filing fee or file a fully completed affidavit of indigency and prisoner consent form. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case to address any allegedly unconstitutional conditions of his confinement, if he so desires.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's request for injunctive relief, contained in his untitled pleading (Doc. #1), is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

---

[2] Hewitt v. Helms, 459 U.S. 460 (1983).

3.  The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

4.  The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case, Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $350.00 filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of August, 2012.

_Howell W. Melton_
United States District Judge

ps 8/7
c:
Tyrone Summers

4